## G. R. Padgett *vs.* John W. Baker & others.

## April Term, 1873.

INTERPLEADER—TITLE TO LAND.—A person claiming to hold the legal title to land cannot file a bill to compel third persons to interplead in this court in relation to such land for his benefit, the jurisdiction of equity where there are conflicting entries and grants being exercised only in favor of the younger grantee, unless there is some other equitable ground shown.

LATENT AMBIGUITY.—An ambiguity in an entry which is not patent on its face, but brought out by extrinsic evidence, may be explained by similar proof.

CONSTRUCTIVE POSSESSION OF LAND.—If neither party be in actual possession of land, the constructive possession is with the better title, and such possession will enable the holder of the better title to maintain trespass for an injury to the freehold, or to bring his suit at law to test the title.

*J. B. White*, for complainant.

*A. G. Merritt*, for defendants.

THE CHANCELLOR:—The bill states that the complainant "bought a tract of — acres of land from defendant Logue for the consideration of $——, and took his deed for the same, which has been duly registered in the register's office of said county of Davidson, in book No. —, p. —, and will be produced at the hearing of the cause." This is the only description, or rather attempt at description, of the land in controversy in either the original or amended bills.

The bill then states that complainant "the next year after said purchase moved upon said tract of land, and commenced to exercise acts of owership over said land by cutting the timber on the same, when he found that a portion of said land was claimed by the defendant Wingo, who forbid complainant to cut any timber on a portion of said tract embracing between thirty and forty acres of the original tract purchased from Logue." It is further alleged that Logue had bought the land from the defendant Baker, and that complainant had "applied to the defendants frequently to settle the matter in dispute between them about the land, and they have hitherto failed and refused to settle." "As well as complainant can understand the matter, Baker claims title to the land by virtue of an entry and grant from the state, and the defendant Wingo claims the same land by virtue of an older

entry and younger grant than Baker.'' Under these circumstances the complainant files his bill, '' in the nature of a bill of interpleader '' to compel the defendants to settle the matter ; also to remove a cloud from his title, prevent a multiplicity of suits, &c., &c.

The defendant Wingo demurred to the bill assigning several causes of demurrer, and, among others, that the complainant had failed to make out a case sufficient to give the court jurisdiction or to entitle him to relief.

The Chancellor sustained the demurrer and dismissed the bill, but afterwards, at the same term, permitted the complainant to file an amended bill. The defendant Wingo has again demurred to this amended bill, assigning the same causes of demurrer.

The amendment is, that complainant has learned '' that defendant Wingo claims a title to about 25 acres of his tract of land by virtue of an entry, No. 953, in the entry taker's office of Davidson county,'' which describes the land as '' Beginning on McKay's line at a point where Dunevant's seventy-five acre entry strikes said McKay's line, running thence east with McKay's line, and south for complement.'' The bill insists that this entry is void for uncertainty because it calls to begin at a point where Dunevant's entry strikes McKay's line, for, says the bill, '' from an inspection of the plat, it will be seen that the 75-acre entry strikes McKay's line at two points, leaving it uncertain as to the beginning point.'' No plat has been referred to and made a part of either the original or amended bill, and this reference is itself void for uncertainty. There is a plat among the papers filed as an exhibit to Baker's answer, which is probably the one intended to be referred to. Abstractly, it is clear, upon a moment's reflection, that the fact relied on as making the entry void for uncertainty is not a patent ambiguity. It does not appear by the entry itself. For ought that we can see the Dunevant entry does not strike McKay's line more than once. The ambiguity, if there be one, is brought out by extrinsic facts. But it is an elementary principle that such

an ambiguity, as it is created by extrinsic proof, so it may be explained away by similar proof. The bill does not on its face, therefore, make out such an ambiguity in the entry as to render it void; for, even if it be a fact that Dunevant's entry strikes McKay's line twice, it does not follow that the proof may not clearly show which one of these points is the beginning corner, by demonstrating that the lines next called for could not be run except by commencing at one of these points. Thus, the line calls to run from the beginning, east with McKay's line and south for complement. If you cannot run east and south from one of these points without interfering with Dunevant's survey, and you can from the other, then it is demonstrated that the latter point is the true beginning corner. So, also, it may be shown by the mode in which Dunevant's entry was surveyed that it could only be said to strike McKay's line at one point, and to run from it at the other, and the ambiguity will be explained. If the court can look to the plat on file in the papers, which is very doubtful, it can see that the first of these suppositions is correct, and that the calls of the entry would be impossible except by taking one of the points of the intersection of Dunevant's entry with McKay's line as the beginning corner.

It follows, that the amendment does not materially change the original bill, and that, as the demurrer was well taken to it, the same demurrer will be good to the bill as amended.

The only other additions to the original bill made by the amendment is, that " said land is unenclosed and not in possession of the defendant Wingo, but is in the constructive possession of complainant, and therefore, he can bring no suit at law for a trespass or adverse holding of the land." This allegation itself is not the statement of a fact but of a conclusion of law from premises which do not justify it under our decisions. If neither party is in *actual* possession of disputed land, the *constructive* possession is with the better title. *Stewart* v. *Harris*, 9 Hum. 714; *West* v. *Lanier*, 9 Hum. 762. Such constructive possession will enable the party to maintain trespass for an injury to the freehold.

*West* v. *Lanier*, 9 Hum. 762. Nor is it correct to say, admitting the facts to be as alleged, that the complainant would not be entitled to his suit at law for the adverse holding. By the Code, § 3231, provision is made for testing the title at law in precisely such a case. *Smith* v. *Lee*, 1 Cold. 549 ; *Langford* v. *Love*, 3 Sneed, 308.

I have not felt called upon to go into the merits of the demurrer to the original bill, because the action of my predecessor in sustaining that demurrer is conclusive on me. It is not improper for me to add, however, that I fully concur in the result. The bill is fatally defective in frame and substance. If it were taken for confessed against defendant Wingo, any decree which could possibly be rendered against him would, I fear, be void for uncertainty. And I know of no principle of equity law which authorizes a party interested in the title to realty, and claiming to hold the legal title, to file a bill to compel third persons to interplead in this court for his benefit. The jurisdiction of chancery in the case of conflicting entries and grants is only exercised in favor of the younger grantee, not of the older, unless there is some other equitable ground shown. *Wilson* v. *Kilcannon,* 1 Tenn. 201, 206.

The demurrer must be sustained and the bill dismissed with costs.